JULIUS A. LEVY v. STEWART SALES MACHINE CORPORATION, Impleaded, etc.— Motion for resettlement of order of this court entered October 17, 1941, denied. Present — Martin, P. J., O'Malley, Townley, Dore and Cohn, JJ.

JOHN W. SAUNDERS v. WALKER MEMORIAL BAPTIST CHURCH, INC.— Motion to resettle order of this court entered October 15, 1941, granted. [Not reported.] Present — Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.

JOHN W. SAUNDERS v. WALKER MEMORIAL BAPTIST CHURCH, INC., J. WALTER TATE, BERRY S. HOYT, NORMAN BOISSEAU, JOSEPH P. BURT, FRED J. GREEN, FRANK BLACK, SPENCER ROBINSON, DANIEL BAKER, "MORRIS" SPENCER, PERCY PETERSON, FRANK E. STEELE, and "JOHN" DUCHATT, the First Names "John" and "Morris" Being Fictitious, the Persons Intended Being Members of the Board of Trustees of Walker Memorial Baptist Church, Inc.— Motion to resettle order of this court entered October 15, 1941, granted. [Not reported.] Present — Martin, P. J., O'Malley, Townley, Cohn and Callahan, JJ.

## SECOND DEPARTMENT, OCTOBER, 1941.
### (October 6, 1941.)

ABBEY SALES COMPANY, INC., Respondent, v. JOHN A. JOHNSON and ANNA JOHNSON, Appellants. ABBEY SALES COMPANY, INC., Respondent, v. JOHN A. JOHNSON, Appellant, and Another, Defendant.— Motion for reargument denied, without costs. [See ante, p. 864.] The bill of particulars in the specific performance action, in itself and by incorporation of the debits contained in the bill of particulars in the action for goods sold and delivered, purports to contain all the items involving the account of the parties. This bill was of no probative value in the absence of a stipulation that it was correct. On this motion the theory advanced by respondent is that all of the credits shown in the bill of particulars in the action for goods sold and delivered appear in the other bill although, as to most of them, in a different form. The bill in the specific performance action shows additional debits and equivalent credits of $1,084.55. The nature of only some of the entries as set forth in the bills was referred to in a confused and haphazard manner during the course of the trial and no proof was presented of actual transactions between the parties which would show the balance claimed by respondent, on the basis alone of the bills of particulars, to have been accurate. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

CHARLES V. BARKER and Others, as Trustees under a Deed of Trust Made by CHARLES V. BARKER, Widower, Dated August 16, 1917, and Recorded August 18, 1917, in the Office of the Register of the County of Kings, in Liber 3686 of Conveyances, Page 85, and Others, Appellants, v. 472 FULTON STREET CORPORATION and Others, Respondents. THE FULTANA SHOP, INC., Plaintiff, v. JOSEPH SCHWARTZ and Others, Defendants.— The motion to resettle order is granted to the extent of providing an allowance of $300 counsel fee for plaintiffs, appellants, payable out of the sum recovered, and for the distribution of the balance remaining to the creditors upon order of the court, on notice to all parties in interest. In all other respects the motion is denied, without costs. Present — Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ. Settle order on notice.